# T. H. TRAVER
## v.
## LEBBEUS H. ROGERS.

ASSIGNMENT—APPEAL.—A petition was filed in the county court, praying for an order to require the assignee of an insolvent estate to hand over to the petitioner certain property which the assignee claimed to hold under the assignment, but which the petitioner claimed belonged to him. *Held*, that an appeal will lie to the circuit court from an order of the county court granting such petition. Such proceeding can not be held to be a "common law case," under section 123 of the statute in relation to county courts.

Traver v. Rogers.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 8, 1885.

Mr. H. H. C. MILLER, for appellant.

Mr. CHARLES F. WHITE and Mr. M. L. WHEELER, for appellee; that the proceeding was in the meaning of the statute a common law action, cited Rawlings v. People, 102 Ill. 475; Potwin v. Johnson, 106 Ill. 532; Kilgour v. Drainage Com'rs, 17 Legal News, 108; Petition of Johnson, 104 Ill. 50.

BAILEY, J. Rogers, the appellee, filed his petition in the County Court of Cook county in the matter of Cushing, Thomas & Co., insolvents, claiming the ownership of certain personal property then in possession of Traver, the assignee, and praying for an order requiring the assignee to deliver said property to him. A hearing was had on said petition, and an order entered by the court finding that said property belonged to the petitioner, and directing the assignee to deliver the same to him. From this order an appeal was taken by the assignee to the circuit court. Rogers afterward appeared in that court and moved to dismiss the appeal for want of jurisdiction, which motion was sustained and the appeal dismissed. From this order the assignee has appealed to this court.

The only question presented is whether, in cases of this character, an appeal lies from the county court to the circuit court, or whether the appeal should be taken directly to this court.

The decision of this question depends upon the construction to be given to sections 122 and 123 of the statute in relation to county courts. Section 122 provides that "appeals may be taken from the final orders, judgments and decrees of county courts to the circuit courts of their respective counties in all matters except as provided in the following section." Section 123 is as follows:

"Appeals and writs of error may be taken and prosecuted

from the final orders, judgments and decrees of the county court to the Supreme Court or appellate court, in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer and forcible entry and detainer. Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from and writs of error to circuit courts."

It is clear that, unless the present case is included in some one of the classes of cases enumerated in section 123, the appeal was properly taken to the circuit court. The only theory upon which the counsel for the appellee attempts to sustain the order of the circuit court dismissing the appeal is, that this case should be held to be a "common law case" within the meaning of the statute.

It needs no argument to show that it is not a case coming within any of the recognized classes or forms of common law actions. Neither in its pleadings nor its mode of procedure can it be classed as a common law action, nor as being analogous to any known proceeding at common law.

But, disregarding mere matters of form, is it in substance a common law case?

The jurisdiction of county courts in cases of voluntary assignments for the benefit of creditors, is a special statutory jurisdiction, and proceedings in that court in the exercise of that jurisdiction, though incapable of being enumerated in any proper sense as proceedings either at law or in chancery, are, in all their essential characteristics, much more nearly analogous to the latter than the former. Such proceedings are very similar, in their main features, to those adopted by courts of chancery in administering upon estates or property through the agency of receivers. The petition in this case is a mere summary application to a court exercising this statutory and *quasi* equitable jurisdiction, to release from its control and hand over to the petitioner certain property which its assignee claims to hold under the assignment, but which the petitioner claims belonged to him, and so did not pass by

the assignment to the assignee. If one claiming property held by a receiver in chancery should intervene by his petition and seek to obtain an order of the court sustaining his claim and ordering the receiver to deliver the property to him, we presume that no one skilled in legal science would for a moment insist that the petition and the proceedings under it constituted a common law case. True, the order of the court granting the petition and awarding the property to the petitioner might be as effectual an adjudication upon his legal rights as a verdict and judgment in an action of replevin would be, but it would nevertheless be an adjudication not of law but of equity forum. Upon closely analogous principles it must be held that in this case the county court, in granting the petition, was exercising a jurisdiction of an equitable rather than of a legal nature. The case may, without violence to legal distinctions, be denominated an equitable proceeding, but we know of no principle which would justify us in holding it to be a "common law case."

The appeal was properly taken to the circuit court, and therefore the order dismissing the appeal was erroneous. The judgment will therefore be reversed and the cause remanded.

Judgment reversed.